**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYRONE FUQUAN ELLISON, : <br> : <br> Plaintiff, : <br> : <br> The State of NEW JERSEY; and, : <br> VICTORIA L. KUHN, in her capacity as the: <br> Commissioner of the New Jersey : <br> Department of Corrections; and, WILLIE : <br> BONDS in his capacity Assistant : <br> Commissioner for the Department of : <br> Operations; and, DAVID SCOTT in his : <br> capacity as Assistant Commissioner of the : <br> Division of Training, Recruitment and : <br> Professional Development, and : <br> CORRECTIONS OFFICER LYNCH, both : <br> personally and in his official capacity; and, : <br> CORRECTIONS OFFICER ACEBO, both : <br> personally and in his official capacity; and, : <br> CORRECTIONS OFFICER VARGAS, both: <br> personally and in his official capacity; and, : <br> CORRECTIONS OFFICER COOK, both : <br> personally and in her official capacity. : <br> : <br> Defendants, : <br> _____: | Civil Action No.:_____ <br><br> **COMPLAINT** |

COME NOW Plaintiff TYRONE FUQUAN ELLISON, by and through his undersigned attorney, and complains as follows:

## **VENUE AND JURISDICTIION**

1. The Court has subject matter jurisdiction under 28 U.S.C. secs. 1331,1343.

2. The Court has personal jurisdiction of the Defendants because each acted, acts, and threatens to act under the color of the law of the State of New Jersey and each did so, does so and threatens to do so within the geographic confines of the Sate and District of new Jersey.

3. Venue is proper in this district pursuant to 28 U.S.C. sec. 1391(b)(1)-(2).

## PARTIES

4. Plaintiff TYRONE FUQUAN ELLISON residing in The Adult Diagnostic and Treatment Center, Special Treatment Unit, 8 Production Way, Avenel, New Jersey 07001; his SBI number is 277179C, and his Jail ID is 610.

5. Defendant VICTORIA L. KUHN, is the Commissioner of the New Jersey Department of Corrections she is named as a defendant in her official capacity as such.

6. Defendant WILLIE BONDS is Assistant Commissioner for the Department of Operations for the New Jersey Department of Corrections and is named as a defendant in his official capacity as such.

7. Defendant DAVID SCOTT is Assistant Commissioner of the Division of Training, Recruitment and Professional Development for the New Jersey Department of Corrections and is named as a defendant in his official capacity as such.

8. Defendant CORRECTIONS OFFICER LYNCH, is a corrections officer employed by the New Jersey Department of Corrections and is named as a defendant both personally and in his official capacity as such.

9. Defendant CORRECTIONS OFFICER ACEBO, is a corrections officer employed by the New Jersey Department of Corrections and is named as a defendant both personally and in his official capacity as such.

10. Defendant CORRECTIONS OFFICER VARGAS, is a corrections officer employed by the New Jersey Department of Corrections and is named as a defendant both personally and in her official capacity as such.

11. Defendant CORRECTIONS OFFICER COOK, is a corrections officer employed by the New Jersey Department of Corrections and is named as a defendant both personally and in her official capacity as such.

## SUMMARY OF INCIDENT

12. On August 11, 2020, Plaintiff was at his room talking on a cell phone, contrary to facility rules. He was approached by Defendants Corrections Officers Acebo and Lynch.

13. Defendants Corrections Officers Acebo and Lynch took the phone from Plaintiff.

14. Defendants Corrections Officer Lynch, and Corrections Officer Acebo, beat Plaintiff and placed Plaintiff in to a chokehold.

15. After being released from the chokehold Plaintiff ran for fear of his life, while running, he was pepper sprayed by Defendant Corrections Officer Cook, Plaintiff was then placed in restraints.

16. While in restraints, including but not limited having his hands cuffed behind his back, Plaintiff was pepper sprayed by Coercions Officer Vargas.

17. Plaintiff was then dragged into the shower was soaked while clothed by Corrections Officers and taken to the infirmary.

18. Prior to this incident, Defendant Corrections Officer Lynch subjected the Plaintiff to harassment on the basis of Plaintiff alleged or perceived sexual preference, exclaiming "I hate homos" and that Plaintiff was a, "Fucking faggot."

19. As a result of this assault, Plaintiff suffered injury to his neck, skin, eyes, back, knees, elbows, and hands, as well as anxiety, fear and depression.

20. Plaintiff was unduly punished for the event and was placed in solitary confinement with the removal of his privileges and was deprived of regular and complete health care service for his injuries.

19. Defendant Corrections Officer Lynch continued to harass and threaten the Plaintiff on the basis of his alleged or perceived sexual preference, stating "I only went 50% on you and next time I will go 150%". Defendant Corrections Officer Lynch further threatened that "I will crush your esophagus," while continuing to call Plaintiff derogatory names based on his alleged or perceived sexual preference.

## CAUSE OF ACTION FOR DEPRAVATION OF FOURTEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. sec. 1983

20. Defendant Corrections Officer Lynch acts of harassment, verbal and physical abuse and assault based are clearly based on the Defendants' perception of the Plaintiff's sexual preference.

21. Defendants Corrections Officers Acebo, Vargas, and Cook, not only failed to prevent Lynch's acts, but participated in same.

22. Although Plaintiff was in violation of the rules of the facility, the actions of the Defendant Corrections Officers, in their excessive and brutal force, intimidation, and threats as a reaction to a minor violation was clearly motivated by the perceived sexual preference of Plaintiff and as such actionable under 42 U.S.C. sec. 1983, as a depravation of the Plaintiff's Fourteenth

Amendment rights by parties acting under color of law and the authority of the State of New Jersey.

## CAUSE OF ACTION FOR DEPRAVATION OF FOURTEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. sec. 1983

23. The Corrections Officer defendants, were employed, trained, regulated, and deployed at the direction of the New Jersey Department of Corrections and more specifically by the Commissioner of the New Jersey Department of Corrections, the Assistant Commissioner of the Department of Operations for the New Jersey Department of Corrections, and the Assistant Commissioner of the Division of Training, Recruitment and Professional Development for the New Jersey Department of Corrections.

24. The negligent employment, training, regulation, and supervision of the Corrections Officer defendants, lead directly to the extreme brutality exhibited by the Corrections Officer Defendants and the disproportional punishment received by the Plaintiff for a minor violation of the rules of the prison.

25. This disproportionate punishment and enforcement, including but not limited to the brutal and extreme reaction to a minor violation of jail rules, is a result of the negligent and palpably unreasonable training and supervision of the Corrections Officer Defendants by Defendants Kuhn, Bonds, and Scott is actionable under 42 U.S.C. sec. 1983, as a depravation of the Plaintiff's Fourth Amendment rights by parties acting under color of law and the authority of the State of New Jersey.

### PRAYER

WHEREFORE, Plaintiff prays for the following relief:

i. Monetary damages from the physical and mental pain and suffering caused by the Defendants. As these complaints are ongoing and permanent, the damages are unliquidated.
ii. Defendants' actions were willful, wanton, and reckless and subjected the Plaintiff to a risk of death or extreme bodily and emotional harm and thereby subjects the defendants not only to compensatory damages, but punitive damages as well.
ii. Attorney's fees, costs, and interest in accordance with 42 U.S.C. sec.1988.

## JURY DEMAND

The Plaintiff demands trial by jury of all issues so friable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August _16_, 2022

G. Harrison Walters
Michaels J. Glassman & Assoc.
1103 Laurel Oak Road, Suite 140
Voorhees, NJ 08043
Phone: (856)784-9222
Fax: (856) 784-9224