<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYRONE FUQUAN ELLISON, | : | |
| | : | Civil Action No. 22-5001 (BRM) (JRA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an unopposed[1] Motion to Dismiss filed by Defendants State of New Jersey; Victoria Kuhn ("Kuhn"), Commissioner of the New Jersey Department of Corrections; Willie Bonds ("Bonds"), Assistant Commissioner of the Department of Operations; and David Scott ("Scott"), Assistant Commissioner of the Division of Training, Recruitment and Professional Development (collectively, "Moving Defendants"), seeking to dismiss Tyrone Fuquan Ellison's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED**.

---

[1] On February 2, 2023, Plaintiff was given an extension of time until February 23, 2023, to file a response to Defendants' Motion to Dismiss. (ECF No. 23.) To date, Plaintiff has not filed an opposition to the Motion to Dismiss.

I. **BACKGROUND**[2]

Plaintiff filed his complaint ("Complaint") in August 2022, bringing claims against Moving Defendants, Corrections Officer ("CO") Lynch ("Lynch"), CO Acebo ("Acebo"), CO Vargas ("Vargas"), and CO Cook ("Cook") (collectively, "Defendants"). (*See* ECF No. 1.) The Complaint raises Fourteenth Amendment claims in violation of 42 U.S.C. § 1983 against Defendants. (*See id.*)

Plaintiff resides in the Adult Diagnostic and Treatment Center, Special Treatment Unit, in Avenel, New Jersey. (*Id.* ¶ 4.) On August 11, 2020, Plaintiff was on a cell phone in his room, in violation of facility rules, when defendants Acebo and Lynch approached him. (*Id.* ¶ 12.) The Complaint alleges, defendants Acebo and Lynch took the phone from Plaintiff, placed him in a chokehold, and beat him. (*Id.* ¶¶ 13-14.) After being released, Plaintiff ran in fear, at which point defendant Cook sprayed him with pepper spray and placed him in restraints. (*Id.* ¶ 15.) While in restraints, defendant Vargas pepper sprayed Plaintiff. (*Id.* ¶ 16.)

Plaintiff alleges he was then dragged into the shower and soaked while clothed before being taken to the infirmary. (*Id.* ¶ 17.) Plaintiff submits he suffered injuries to his neck, skin, eyes, back, knees, elbows, and hands, as well as suffering from anxiety, fear, and depression. (*Id.* ¶ 19.) Plaintiff argues he was "unduly punished for the event and placed in solitary confinement with the removal of his privileges and was deprived of regular and complete health care service for his injuries." (*Id.* ¶ 20.)

Plaintiff states prior to this incident, defendant Lynch harassed Plaintiff on the basis of Plaintiff's alleged or perceived sexual preference, exclaiming "I hate homos" and that Plaintiff

---

[2] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

was a "fucking faggot." (*Id.* ¶ 18.) Plaintiff alleges defendant Lynch continues to harass and threaten Plaintiff, stating "I only went 50% on you and next time I will go 150%" and "I will crush your esophagus." (*Id.* ¶ 19.)

Plaintiff brings the Complaint against defendants Acebo, Lynch, Cook, and Vargas in their individual and official capacities for monetary damages, and against Moving Defendants in their official capacities for monetary damages. (*Id.* ¶¶ 8-11.)

On October 3, 2022, Moving Defendants filed the Motion to Dismiss. (ECF No. 10.) Moving Defendants argue Plaintiff's claims against them should be dismissed because: they are immune from suit under the Eleventh Amendment of the United States Constitution, they are not "persons" amenable to suit under § 1983, and Plaintiff failed to allege facts sufficient to state claim under the theory of supervisory liability. (*See generally* ECF No. 10-1.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DECISION

Moving Defendants move for dismissal of Plaintiff's Complaint against them in their official capacities based on Eleventh Amendment immunity and because they are not "persons" subject to § 1983 liability.

"That a State may not be sued without its consent is a fundamental rule of jurisprudence." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). This protection is afforded by the Eleventh Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. States are immune from suits in federal court brought by their own citizens, or citizens of other states, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01; *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought. . . ."). "Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

A state's immunity is also preserved under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66 (1989); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). Significantly, a state and its sub-divisions, including its prisons, may not be sued under § 1983 because they are not "persons" subject to the statute. *Will*, 491 U.S. at 65–66. A suit against a state official for money damages in his official capacity is "not a suit against the official but rather is a suit against the official's office" and is therefore "no different from a suit against the State itself." *Id.* Accordingly, state employees may not be sued for money damages in their official capacities under § 1983.

Here, Plaintiff raises his claims against Moving Defendants Kuhn, Bonds, and Scott in their official capacity for monetary damages, as well as against the State of New Jersey. Because immunity has not been waived here, and neither states nor their officials are subject to liability under § 1983, Plaintiff's constitutional claims against the Moving Defendants in their official capacities for monetary damages are dismissed with prejudice.

### IV.  CONCLUSION

For the reasons set forth above, Moving Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's claims against the State of New Jersey, and defendants Kuhn, Bonds, and Scott in their official capacities for monetary damages are **DISMISSED WITH PREJUDICE**.

An appropriate order follows.

Dated: March 16, 2023

>*/s/ Brian R. Martinotti*
>**HON. BRIAN R. MARTINOTTI**
>UNITED STATES DISTRICT JUDGE